UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

ROCK CREEK OIL, INC.          CASE NO. 2:19-CV-00815

VERSUS                   JUDGE JAMES D. CAIN, JR.

LOUISIANA DEP'T OF REVENUE,   MAGISTRATE JUDGE KAY
ET AL.

## MEMORANDUM RULING

Before the court is a Motion to Dismiss for Lack of Jurisdiction [doc. 7] and Motion to Dismiss for Failure to State a Claim [*id.*] filed by the Louisiana Department of Revenue ("Department") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), in response to the civil rights complaint filed by Rock Creek Oil, Inc. ("RCO"). RCO opposes the motions. Doc. 11.

## I.
### BACKGROUND

RCO, a Texas corporation, owns and operates an oil and gas well in Jefferson Davis Parish, Louisiana. Doc. 1, pp. 4–5. Following an audit covering the time period of May 1, 2016, to August 31, 2018, the Department determined that RCO had failed to file reports on its oil and gas severance for each period he maintained that well, as required by Louisiana Revised Statute § 47:635, or to pay applicable taxes on same. *Id.* at 2–4; *see* doc. 7, att. 2, pp. 2–3. On February 15, 2019, he was sent two Notices of Proposed Tax Due from revenue tax auditor specialist Kerya Drummond. Doc. 7, att. 2, pp. 5–8. These notices

reflected $6,721.49 owed in taxes, $559.86 in interest, and $9,822.19 in penalties for the gas severance, for a total proposed amount of $16,653.54; and $7,000 in penalties for the oil severance. *Id.*

RCO submitted a waiver of penalty request and the Department waived half of the failure to file penalties, reducing that amount from a total of $14,000 to $7,000 for the oil and gas severances. *Id.* at 9–10. On March 26, 2019, the Department issued two Notices of Assessment, showing that RCO owed $11,742.44 in tax, interest, and penalties for the gas severance, less payments of $6,859.30, for a total amount due of $4,883.14; and $3,500 for the oil severance. *Id.* at 11–15. With these assessments RCO was also informed of its right to pay under protest while filing suit in the state district court and/or filing a petition with the Louisiana Board of Tax Appeals. *Id.*

RCO instead filed the instant civil rights complaint against the Department, auditor specialist Drummond, and auditor George Gaiennie IV, invoking this court's jurisdiction on the basis of a federal question under 28 U.S.C. § 1331. Doc. 1. Specifically, it alleges that the penalties assessed amount to excessive fines in violation of the Eighth Amendment and that the defendants have committed other constitutional violations relating to the exercise of their authority. It seeks declaratory and injunctive relief, in addition to damages in the amount assessed under the original notice. *See id.* at p. 11.

The Department, which is the only defendant to make an appearance, now moves for dismissal of the claims under Federal Rules of Civil Procedure 12(b)(1) and (6). Doc. 7. Specifically, it asserts that the court lacks subject matter jurisdiction over the suit under

the Tax Injunction Act and that RCO otherwise fails to state a claim on which relief can be granted. RCO opposes the motion. Doc. 11.

## II.
## LAW & APPLICATION

Generally, the court should consider any jurisdictional attack before addressing the merits of the case. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "This requirement prevents a court without jurisdiction from prematurely dismissing a case on the merits." *Id.* Accordingly, the court first addresses jurisdictional grounds for dismissal and then, if necessary, the remaining arguments raised under Rule 12(b)(6).

### A. 12(b)(1) Motion

#### 1. Standards

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. FED. R. CIV. P. 12(b)(1). The burden lies with the party seeking to invoke the court's jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Lack of subject matter jurisdiction may be found based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* On a facial attack to subject matter jurisdiction, which is based on the sufficiency of the complaint, court accepts all well-pleaded allegations in the complaint as true and construes those allegations in a light most favorable to the plaintiff. *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997); *Pike v. Office of Alcohol and Tobacco Control of the La. Dep't of Rev.*, 157 F.Supp.3d 523, 533 (M.D. La. 2015).

The court is not required to show such deference when resolving factual attacks, however. "On a factual attack of subject matter jurisdiction, a court's power to make findings of fact and to weigh the evidence depends on whether the . . . attack . . . also implicates the merits of plaintiff's cause of action." *Taylor v. Dam*, 244 F.Supp.2d 747, 753 (S.D. Tex. 2003) (quoting *Garcia*, 104 F.3d at 1261). Where the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's case, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," with no presumption attaching to the plaintiff's allegations or obligation that disputed facts be construed in his favor. *Id.* at 753–54 (quoting *Garcia*, 104 F.3d at 1261).

## 2. *Application*

Under the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, "[t]he district courts shall not enjoin, suspend, or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." "Embodied within the statute is the duty of federal courts to withhold relief when a state legislature has provided an adequate scheme whereby a taxpayer may maintain a suit to challenge a state tax," as the Fifth Circuit has already determined exists under Louisiana law. *ANR Pipeline Co. v. La. Tax Comm'n*, 646 F.3d 940, 946–47 (5th Cir. 2011) (internal quotations omitted).

The TIA is only implicated by matters of state and local taxation, however, and does not apply to regulatory fees. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). What constitutes a "tax" for purposes of the TIA is a question of federal law. *Id.* at 1010 n. 10 (citing *Ben Oehrleins, Inc. v. Hennepin Cnty.*, 115

F.3d 1372, 1382 (8th Cir. 1997)). To honor Congress's goals in promulgating the TIA,

including that of preventing federally-based delays in the collection of state and local

revenues, the court must assign a broad construction to the term. *Henderson v. Stalder*, 407

F.3d 351, 356 (5th Cir. 2005). The label affixed by the state legislature "has no bearing on

the resolution of the question."[1] *Home Builders Ass'n*, 143 F.3d at 1010 n. 10 (citing

*Robinson Protective Alarm Co. v. City of Philadelphia*, 581 F.2d 371, 374 (3rd Cir. 1978)).

Instead, the Fifth Circuit looks to three key factors in identifying fees. "A fee 'is imposed

(1) by an agency, not the legislature; (2) upon those it regulates, not the community as a

whole; and (3) for the purpose of defraying regulatory costs, not simply for general

revenue-raising purposes.'" *Tex. Entertainment Ass'n, Inc. v. Hegar*, 2018 WL 718549, at

*2 (W.D. Tex. Feb. 5, 2018) (quoting *Neinast v. Texas*, 217 F.3d 275, 278 (5th Cir. 2000)).

RCO maintains that the TIA does not apply to this suit because its chief challenge

is to the penalties imposed under Louisiana Revised Statute § 47:642, for failure to file a

report on natural products severed as required under § 47:635. These penalties form the

majority of those still owed under the assessments. RCO does not challenge the taxes

---

[1] RCO urges that the court should look to the reliance on labels in distinguishing taxes from fees under the Anti-Injunction Act ("AIA"). The Supreme Court recently determined that the AIA's jurisdictional bar against challenges to collections of federal taxes, 26 U.S.C. § 7421(a), was not triggered by the exaction imposed under Affordable Care Act's ("ACA") individual mandate because Congress had labeled the exaction a "penalty" rather than a "tax." *Nat'l Fed. of Indep. Bus. v. Sebelius*, 567 U.S. 519, 543–44 (2012). As the Court noted, however, both the AIA and ACA "are creatures of Congress's own creation. How they relate to each other is up to Congress, and the best evidence of Congress's intent is the statutory text." *Id.* at 544. Meanwhile, the decision not to rely on state labels for purposes of the TIA arises from recognition that the term "tax under state law" as used in the TIA "should be determined as a matter of federal law by reference to congressional policies underlying the [TIA], rather than by adoption of state tax labels developed in entirely different legal contexts." *Robinson Protective Alarm Co.*, 581 F.2d at 374 (citing *Tramel v. Schrader*, 505 F.2d 1310 (5th Cir. 1975)). The separation between the United States Congress and the state legislatures distinguishes the court's review under the AIA from its inquiry under the TIA. Accordingly, recent precedent acknowledging the value of labels under the AIA does not erode well-settled Fifth Circuit precedent marking them as irrelevant under the TIA.

assessed, and instead alleges that the Department committed various constitutional violations in the imposition of these penalties. Accordingly, the 12(b)(1) motion turns on the relationship between the TIA and the penalties imposed under § 47:642.

The Fifth Circuit has long recognized that, where a challenged penalty is "inexorably tied" to tax collection, it falls within the "broad scope" of the TIA. *Washington v. City of New Orleans*, 424 F. App'x 307, 310–11 (5th Cir. 2011) (quoting *Washington v. Linebarger, Goggan, Blair, Pena & Sampson, LLP*, 338 F.3d 442 (5th Cir. 2003)). As the Supreme Court recently held, however, information gathering – including the private reporting of information used to determine tax liability – does not qualify as part of the "assessment, levy or collection" of taxes protected under the TIA. *Direct Marketing Ass'n v. Brohl*, __ U.S. ___, 135 S.Ct. 1124, 1130–31 (2015). A federal suit challenging notice and reporting requirements merely inhibits, rather than "enjoin[ing], suspend[ing] or restrain[ing] the assessment, levy or collection of taxes," and thus does not run afoul of the TIA's jurisdictional bar. *Id.* at 1132–34; 28 U.S.C. § 1341.

Louisiana Revised Statute § 47:635(A)(2) requires that each person "severing oil or gas from the soil or water of the state" file a report with the Department of Revenue by a specified time, setting forth its business during the reporting period and showing the gross quantity of oil or gas severed or produced. It further provides that the reporting taxpayer shall collect the proportionate parts of the total tax due by the owners of the natural resource at the time of severance, and that the secretary may require any person engaged in severance of natural products to furnish "any additional information necessary for the purpose of computing the amount of tax due under this Part." La. Rev. Stat. §§ 47:635(C)–

(D). For failure to make the report itself, Louisiana Revised Statute § 47:642(A) imposes penalties of two hundred and fifty dollars for each reporting period. Under *Direct Marketing*, supra, the reporting requirement under § 47:635 is merely part of the Department of Revenue's information-gathering stage, rather than part of the assessment, levy, or collection, because it involves "reporting information pertaining to tax liability" rather than the official recording of taxpayer liability, the specific mode of collection, or the act of obtaining taxes due. 135 S.Ct. at 1130–31. Accordingly, a challenge to it through a federal lawsuit does not implicate the TIA and the 12(b)(1) motion fails.

## B. *12(b)(6) Motion*

### 1. *Standards*

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider matters of which it may take judicial notice, including matters of public record. *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996) and *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007)).

Such motions are also reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success, but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## 2. *Application*

42 U.S.C. § 1983 provides a cause of action for violation of civil rights by a state actor. To state a claim under this statute, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Here RCO alleges that the defendants committed civil rights violations by (1) imposing excess fines, in violation of the Eighth Amendment, (2) depriving him of his right to due process, as guaranteed by the Fourteenth Amendment, and (3) exceeding its statutory authority by imposing the penalties. Doc. 1. It also raises a claim of estoppel. *Id.* The Department maintains that RCO cannot obtain relief on any of these claims.

### a. *Eighth Amendment claim*

The Eighth Amendment's Excessive Fines Clause is an incorporated protection applicable to the states. *Timbs v. Indiana*, __ U.S. ___, 139 S.Ct. 682, 686–87 (2019). A fine is constitutionally excessive when it is "grossly disproportional to the gravity of a defendant's offense." *Vanderbilt Mortg. and Finance, Inc. v. Flores*, 692 F.3d 358, 374 (5th Cir. 2012) (quoting *United States v. Bajakajian*, 524 U.S. 321, 334 (1998)). The Court recognizes, however, that "judgments about the appropriate punishment for an offense

belong in the first instance to the legislature." *Bajakajian*, 524 U.S. at 336. Accordingly, a fine is not excessive if it is within the limits of the statute authorizing it. *Cripps v. La. Dep't of Ag. and Forestry*, 819 F.3d 221, 234–35 (5th Cir. 2016).

RCO disputes the applicability of the statutory fines to its activities but does not contest that the fines were within statutory bounds. For the only specific penalty complained of – that imposed under Louisiana Revised Statute § 47:642 for failure to file a report – the statute clearly authorizes a fine of $250 for each reporting period, and reports are due on a monthly basis for each tax type under § 47:635. Through the audit the Department found that RCO had failed to file reports for two tax types (oil and gas severance) for twenty-eight consecutive periods, from May 2016 to August 2018. It assessed RCO with $14,000 in penalties for this violation and then waived half the amount, making the penalty within statutory bounds both before and after the waiver. RCO's arguments that the fines are excessive because they are disproportional to his alleged actions and because they are used to raise revenue are thus unavailing, and it cannot show a right to relief under this claim.

### b. Due Process claim

RCO also alleges that the Department violated its right to due process by imposing the penalties without giving it opportunity to cross-examine the auditors or otherwise defend against the fine. As the Department notes, however, a state may provide adequate procedural safeguards for tax collection either through pre- or post-deprivation process. *McKesson Corp. v. Div. of Alcoholic Bev. and Tobacco, Dep't of Bus. Regs. of Fla.*, 496 U.S. 18, 19 (1990). In addition to the state Board of Tax Appeals, Louisiana offers post-

deprivation relief through three remedy statutes. *St Martin v. State*, 25 So.3d 736, 738 (La. 2009). The Louisiana Supreme Court has held that these remedies provide adequate process under both the federal and state constitutions. *Tin, Inc. v. Washington Par. Sheriff's Office*, 112 So.3d 197, 203 & n. 8 (La. 2013).

RCO contends that the existence of these remedies is irrelevant, because § 1983 generally does not require exhaustion of state remedies. *E.g.*, *Porter v. Nussle*, 534 U.S. 516, 523 (2002) (citing *Patsy v. Bd. of Regents of State of Florida*, 457 U.S. 496, 516 (1982)). However, it cannot show liability for a due process violation under § 1983 when it did not contest the assessments through the remedies made available by the state. Accordingly, this claim must be dismissed.

### c. *Exceeding statutory authority*

RCO also claims that the Department exceeded its statutory authority by imposing penalties under Louisiana Revised Statute § 47:642. Under this claim, however, it only contests the application of the penalty rather than the Department's general authority to conduct audits and impose fines. Accordingly, this claim is actually one of due process violation and fails for the reasons stated above.

### d. *Estoppel*

Finally, RCO contends that the Department is estopped from imposing penalties because it accepted RCO's severance returns without notifying it of any deficiencies. Courts are "exceedingly reluctant" to grant equitable estoppel against a governmental entity but have stopped short of ruling that it can never be applied in any circumstance. *Robertson-Dewar v. Holder*, 646 F.3d 226, 229 (5th Cir. 2011); *Office of Personnel Mgmt.*

*v. Richmond*, 496 U.S. 414, 423 (1990). To state a cause of action for estoppel against the government, a private party must prove affirmative misconduct in addition to the traditional elements of the claim. *Russo v. Johnson*, 129 F.Supp.2d 1012, 1022 (S.D. Tex. 2001) (citing *Moosa v. INS*, 171 F.3d 994, 1004 (5th Cir. 1999)). "'Affirmative misconduct' requires an affirmative misrepresentation or affirmative concealment of a material fact by the government." *Id.* RCO alleges that the Department accepted its returns and made no attempts to notify it of any missing forms or information.[2] It fails to allege, however, any misrepresentation or to show that the failure to notify RCO of a deficiency amounted to "affirmative concealment." Accordingly, RCO also fails to establish a claim for government estoppel.

---

[2] It also contends that it was misled by conflicting information between the Department website and Louisiana Revised Statute § 47:635. Doc. 1, pp. 3–4. The information he excerpts from the website relates to annual tax **returns**, while § 47:635 covers monthly reporting obligations. There is no conflict between the provisions and so no plausible allegation of misrepresentation.

## III.
## CONCLUSION

For the reasons stated above, the Motion to Dismiss for Lack of Jurisdiction will be denied and the Motion to Dismiss for Failure to State a Claim will be granted, resulting in the dismissal with prejudice of all claims in this suit. This ruling also inures to the benefit of any unserved or defaulting defendants. *See Armendariz v. Chowaiki*, 2016 WL 8856919, at *19 (W.D. Tex. Mar. 31, 2016) (collecting cases). It does not, however, prevent the plaintiff from challenging the assessments on the merits using the remedies available to him under state law.

THUS DONE in Chambers on this __/3__ day of __Sept__ _____, 2019.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE